PD-0303-15

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

MAR 16 2015

CHRISTOPHER A. PRINE
CLERK

No. 14-13-00735-CR
IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

CORDARRELL CHARLES CARROLL
V.
THE STATE OF TEXAS

## MOTION TO FILE ONLY ONE PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now, Cordarrell Carroll, Petitioner, and files a motion to file a single copy of a Petition for Discretionary Review. Do to the fact that the appellant is indegent and does not have access to a copier.

RECEIVED IN
COURT OF CRIMINAL APPEALS

March 23, 2015

ABEL ACOSTA, CLERK

Respectfully submitted

Cordarrell Carroll #1873334
Stiles Unit
3060 F.M. 3514
Beaumont, Tx. 77705

Petition for Discretionary Review
No. 14-13-00735-CR

Cordarrell Charles Carroll, Appellant
v.
the State of Texas, Appellee

## INDEX

Case Laws
- Ford v. State 158 S.W. 3d 488, 493-94
- Walter V. State 997 S.W. 2d 853
Constitutional
- Cont. Amend. 4

## ORAL ARGUMENT

An oral argument might be helpful because there are some discrepancies in the facts of this case. One brief states there was a rifle retrieved and another says otherwise. Also due to the fact that Deputy Stevenson failed to turn on his dash cam his depiction on what happend the night of December 13, 2012 has varied.

## STATEMENT OF THE CASE

On February 1, 2013 Appellant, Cordarrell Carroll, was indicted on four counts of aggravated robbery alleged to have been committed on July 17, 2013. Hearings were held during course of the trial on defendants motion for a continuance and motion to suppress that were both denied by the trial court. On July 19, 2013, a jury found the defendant guilty on all four counts and sentenced him to 45 years confinement in the penitentiary on each count with the sentences to run concurrently. Notice of appeal was filed on August 19, 2013 by trial counsel. A motion for new trial was filed by retained counsel, Lott Brooks, on August 9, 2013. Mr. Brooks did not order a record or file a brief in this matter. Appellate counsel was appointed by the trial

court on March 21, 2014. On December 23, 2014 the fourteenth court of appeals held that there was no error in the judgment.

<u>GROUND FOR REVIEW No. 1</u>
THE COURT OF APPEALS ERRED IN HOLDING THAT THE EVIDENCE WAS SUFFICIENT
I. Search and Seizure

A.

When the defendant shows a search or seizure occurred without a warrant, the burden shifts to the state to prove the reasonableness of the warrantless search or seizure, whether probable cause to arrest is then sufficient depends upon the totality of the circumstances. U.S.C.A Const. Amend 4. "Probable cause must be based on facts, not opinions", see Ford v. State, 158 S.W.3d. 488. 493-94 (Texas Crim. app 2005). Ford court explained the "mere opinions are ineffective substitutes for specific articulable facts..." the court further stated the reliance on a police officers special training is "insufficient to establish reasonable suspicion absent objective factual support" at 494.

Here Deputy Stevenson's reason for suspicion was he thought the appellant was dressed oddly for what he described as "not that cold of weather." Deputy Stevenson took also asked the appellant why was he wearing coveralls and his reply was because, "he had been at work." Deputy Steverson took it upon himself not to believe the

statement and said he did not believe the appellant because he did not see any hard hats or work boots in the vehicle. We turn the court of Criminal Appeals attention to Walter v. State 997 S.W. 2d. 853" Officer became suspicious because motorist's manner of dress did not square with his story that he had been playing basketball in the park. The state also contend that the facts that there was no basketball in appellants vehicle shows the appellant's claim of playing basketball was evidently untrue. While the absence of a basketball tends to support the inference that appellant was lying we do not find that it has great bearing in determining whether officer Carrol acted reasonably. Here Deputy Stevenson testified he did not believe the appellant came from work because, "He didn't see any type or construction materials inside of the vehicle."

B.

In this issue the appellant asserts that the state failed to meet its burden to show probable cause justifying his arrest. When the defendant shows that a search or seizure occured without a warrentless the burden shifts to the state to prove the reasonableness of the warrentless search or seizure. The court errored in showing the reasonableness of the warrantless search and seizure. Deputy Stevenson reason for the search was because according to him the appellant was dressed oddly. When Deputy Stevenson was put on the stand to testify, he testified

that he "did not pay attention to the appellants attire" when he pulled the vehicle over and questioned about the appellants clothing this prove that the State did not prove reasonableness of the warrentless search or seizure. Because Deputy Stevenson story changed and the fact that he failed to turn on his dash cam shows the state did not exhibit any articulable facts from Deputy Stevenson. Deputy Stevenson also testified under oath that he did not see anything in plain view of the vehical when questioned by appellants attorney. The appellant would like to show the Court of Criminal Appeals that the trial court and appeals court errored and his Cont. Amend 4 was violated by the illegal search and seizure.

## Prayer

Wherefore, Appellant respectfully prays that the Court of Criminal Appeals sees the errors made and grant a review




Cordarrell Carroll #1873334
Stiles Unit
3060 F.M. 3514
Beaumont, Tx 77705

NORTH HOUSTON TX

12 MAR 2015 PM 1

THE COURT OF APPEALS
301. Fannin
Houston, Tx 77002

RECEIVED APPEALS
FIRST COURT OF APPEALS
HOUSTON, TEXAS

MAR 16 2015

CHRISTOPHER A. PRINE
CLERK



7700220566839